COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, ss | TRIAL COURT OF THE COMMONWEALTH<br>SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO. |

---
ARTHUR ORKIN                                    :
                                                :
      Plaintiff,                                :
                                                :
v.                                              :
                                                :
MORRIS WHEELER                                  :
                                                :
AND                                             :
                                                :
ANDREW WHEELER                                  :
                                                :
AND                                             :
                                                :
SUSAN ROLLET                                    :
                                                :
      Defendants.                               :
---

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Arthur Orkin, through his attorney, for his complaint against the above-named defendants, alleges as follows:

### PARTIES

1. Plaintiff Arthur Orkin ("Arthur") is an individual residing at 63 Harrington Farms Way, Shrewsbury, Massachusetts 01545. He was married to Ann Orkin ("Ann")(collectively, "the Orkins") until her death.

2. Defendant Morris Wheeler ("Morris") is an individual residing at 19103 North Park Blvd., Shaker Heights, Ohio 44122.

1

3. Defendant Andrew Wheeler ("Andrew") is an individual residing at 26 Becker Road, Livingston, NJ 07039.

4. Defendant Susan Rollet ("Susan") is an individual residing at 52 Coolidge Dr., Berkeley Heights, NJ 07922.

5. This Court, pursuant to M.G.L. c. 212 §3, has jurisdiction over the parties hereto.

6. Venue in this County, pursuant to M.G.L. c. 223 §1, is appropriate.

## GENERAL ALLEGATONS

7. Arthur Orkin lived with his wife, Ann Orkin in Shrewsbury, Massachusetts.

8. They were married in 1983.

9. They had a blissful marriage filled with love for each other, mutual care and respect.

10. They shared all finances and discussed with each other their estate plans, each naming the other as their personal representative and providing each other with general durable power of attorney.

11. They intended to live out their days together and to be buried next to each other in adjoining plots in Massachusetts.

12. To affect this intent, they bought plots close to where they lived.

13. Arthur Orkin is 90 years old.

14. The expectation was that he would predecease Ann, who was in good health.

15. However, in June/early-July, Ann was diagnosed with pancreatic cancer and began chemotherapy treatments.

16. August 2019 it was determined that Ann's health was further deteriorating.

17. In late September, Susan visited Ann and Arthur.

18. From September 29th through October 1st 2019, Susan took Ann to a hotel in Massachusetts for Rosh Hashanah, excluding Arthur.

19. On October 2nd, Susan brought Ann back from the hotel to pack a few of Ann's belongings before taking her to New Jersey without the consent or the counsel of Arthur.

20. While Ann stayed in New Jersey, Susan, Morris, and Andrew prevented Arthur from speaking with Ann during her illness.

21. This forced Arthur and his daughter Lisa to drive from Massachusetts to New Jersey on October 16th, 2019 just to see his wife, even though Susan, Morris and Andrew forbade Arthur from seeing her.

22. When he arrived in New Jersey, he was only allowed to see his wife for less than an hour before Susan told him to leave.

23. While visiting Ann in New Jersey, Arthur confirmed with Ann that her wish was to be buried in Sharon, Massachusetts.

24. Arthur and Lisa then left to return to Massachusetts.

25. On or about October 18th, Susan notified Arthur that Ann was going to be buried in New Jersey.

26. Arthur was further shocked to learn that Morris and Susan had already reserved a plot for Ann through Menorah Chapels at Millburn in New Jersey.

27. Morris continuously pressured Arthur during this time of distress to buy the adjacent plot, stating that Arthur had "the ability to reserve the spot next to her for all eternity," but Arthur had to act quickly, Morris told him, or it would be sold to a stranger.

28. Morris' pressure to buy the plot in New Jersey knowingly disregarded the fact that Arthur and Ann had purchased plots in Massachusetts more than thirty-five years previously.

29. Arthur succumbed to Morris' pressure and bought the plot next to Ann.

30. Once Arthur returned to Massachusetts, he was prevented by Susan, Andrew, and Morris from speaking to his wife on the phone except for one phone call on October 28, 2019, two days before she died.

31. Ann died at Susan's home without Arthur present on October 30, 2019.

32. Ann's death devastated Arthur, as did the fact that he was separated from Ann and not permitted to speak, visit, or comfort her during her last days.

33. Morris, Andrew, and Susan buried Ann in New Jersey, in contravention of Ann's wishes as known to Arthur, Arthur's wishes, and Arthur's rights as her spouse and as her estate's personal representative.

34. To add insult to injury, a gravestone was erected on Ann's grave without notice to or input from Arthur.

35. The epitaph on the headstone reads that "Ann Cohen" is buried there, does not reference Arthur, and disregards Arthur's thirty-year marriage to Ann.

36. Morris, Susan, and Andrew then held the one-year memorial service for Ann without notifying Arthur.

37. These actions have caused Arthur to be overcome with grief and severe emotional distress.

38. Arthur is now forced to decide whether to be buried near his family in Massachusetts or next to his wife in New Jersey where he has no ties and where it will be a burden on his family to pay their respects upon his death.

### COUNT I
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. Arthur Orkin realleges and incorporates by reference paragraphs 1 through 38 above as if fully set forth herein, and in addition make the allegations set forth below.

40. As described above, Morris, Andrew and Susan knew or should have known that their actions would cause Arthur Orkin extreme emotional distress.

41. Their conduct in the above matter can be considered extreme and outrageous.

42. Their Conduct has in fact caused Arthur severe emotional distress.

## COUNT II
### (VIOLATION OF MASSACHUSETTS COMMON LAW)

43. Arthur Orkin realleges and incorporates by reference paragraphs 1 through 42 above as if fully set forth herein, and in addition make the allegations set forth below.

44. As described above, Morris, Andrew and Susan intentionally violated the Massachusetts common law right of a surviving spouse to determine the burial place of their spouse.

45. Morris, Susan, and Andrew are liable to Arthur, jointly and severally, for the damages he has suffered together with interest and costs.

## COUNT III
### (INJUNCTIVE RELIEF)

46. Arthur Orkin realleges and incorporates by reference paragraphs 1 through 45 above as if fully set forth herein, and in addition make the allegations set forth below.

47. Ann was buried without Arthur's consent in New Jersey and not in Massachusetts where Ann and Arthur agreed Ann was to be buried and where it was Arthur's right as her spouse and personal representative to have her buried.

48. A headstone was placed over Ann's grave without Arthur's consent and that does not reference Arthur's place in Ann's life as her husband.

49. Arthur has a right under Massachusetts law to determine where Ann is buried and to have that decision enforced.

50. Arthur has a right to determine what monument, tombstone or headstone is erected over his wife's final resting place and the writing inscribed on that monument, tombstone, or headstone.

51. Arthur has no proper remedy at law.

52. There is a strong likelihood that Arthur will be successful on the merits of the case.

53. If the injunction is not granted, Arthur will suffer irreparable harm, including the continued loss of the ability to visit his wife's final resting place, and pain and suffering resulting from his marriage to his wife not being acknowledged on her headstone, and that their joint wishes that she be buried in Massachusetts have not been carried out.

54. The harm that Arthur will suffer if the injunction is not granted is great compared to the harm that the defendants will suffer if the injunction is granted.

## COUNT IV
(UNDUE INFLUENCE)

55. Arthur Orkin realleges and incorporates by reference paragraphs 1 through 54 above as if fully set forth herein, and in addition make the allegations set forth below.

56. An unnatural disposition was made when Arthur bought his plot next to Ann Orkin in New Jersey.

57. At the time, due to his emotional distress at being separated from his wife and her impending death, Arthur Orkin was susceptible to undue influence by Morris Wheeler.

58. Morris Wheeler had the opportunity to exercise undue influence on Arthur.

59. Morris used that undue influence to procure Arthur's purchase of the plot next to Ann in New Jersey through improper means.

60. Arthur Orkin was damaged by the undue influence and entered into a contract to buy the plot next to Ann in New Jersey.

## REQUESTED RELIEF

WHEREFORE, claimant Arthur Orkin prays for relief as follows:

1. For judgments to enter in his favor on Counts I and II against defendants Morris, Andrew, and Susan, in an amount to be determined at trial, together with interest and costs.

2. For a judgment to enter in his favor on Count III against defendants Morris, Andrew, and Susan, jointly and severally, and that they be required to disinter Ann from her resting place in New Jersey, inter her in the plot that Arthur bought for her and erect a headstone for her bearing her true name, Ann Orkin.

3. For a judgment to enter in his favor on Count IV against defendant Morris in an amount to be determined at trial, together with interest and costs.

4. For such other and further relief as this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
**PLAINTIFF ARTHUR ORKIN**
By his attorney,

*Jason Tauches*
Jason E. Tauches (BBO#569448)
jason@andrewcowanlaw.com
PiltserCowan Law LLC
25 Bay State Rd, 2nd Fl
Boston, MA 02215
Telephone: (617) 245-1976
Facsimile: (617) 245-1976

Dated:  April 16, 2021